URIUS BAUCOM vs. ORRIN SMITH and another.

1. A note founded upon an illegal consideration, *payable one day after date*, endorsed after one day from its date cannot be recovered on by the endorsee.

2. A note payable one day after date is due one day after date.

The case of *Henderson* v. *Shannon*, 1 Dev. 147, cited and approved.

Appeal from Wake Superior Court, Watts Judge, presiding. Case agreed.

The action is on a note payable " one day after date," admitted to be tainted as between the original parties with an illegal consideration. The note was executed by defendant Smith to his co-defendant Bagwell, and by him endorsed about *three weeks* after its execution to the plaintiff, who had no knowledge of the taint, and gave full value for it.

His Honor gave judgment for the defendant and the plaintiff appealed.

*Batchelor* for the appellant.

1. A purchaser for value, and without notice of a negotiable security is not affected by any failure, illegality or want of consideration, or even fraud between the previous parties, but may recover thereon. *Riddick* v. *Jones*, 6 Ired. 107, 3 Kent, Sec. 44, pp. 79, 80. *Ray* v. *Coddington*, 5 John., Ch. c., 54. *Brush* v. *Scribner*, 11 Conn., 388. *Swift* v. *Tyson*, 16 Peters, I. Story on Promisory Notes, sec. 191.

2. This extends to all illegality at common law. In cases under statute of usury and gaming, the contract is void even in the hands of an innocent purchaser for value. But this only extends to the two cases of gaming and usury under the Statute. Cases cited above, and Chitty on Bills.

3. The taking a note in payment of a preceding debt is a purchase for value. *Riddick* v. *Jones,* and authorities cited above.

4. The note sued on was not over due and dishonored when the plaintiff purchased it for value and without notice. *Parker* v. *Stallings,* Phillips' Law, 590. *Elliott* v. *Smitherman,* 2 D. & B., 838. *Parker* v. *Flora,* 63 N. C. 474. *Ormond* v. *Moye,* 11 Ired., 564. 1 Parsons' on Contracts, 217.

5. On the very face of it, shows that it was intended to circulate for a while before being presented for payment.

6. The law greatly favors the negotiability of papers like this.

*Fowle & Badger* for the appellee.

PEARSON, C. J. The bond sued on was void in the hands of the obligee, for the illegality of consideration.

Had the bond been assigned before it was due, the assignee for valuable consideration, and without notice, could have maintained an action to enforce payment. This is settled. *Henderson* v. *Shannon,* 1 Dev., 47. That case however, assumed the law to be, that if the assignment be after the bond was due, the assignee, would take it, subject to all the objections to which it was liable in the hands of the assignor.

The position taken on the argument that a bond payable "one day after date" is not due for some reasonable time after its execution, has nothing to support it. An action could have been brought on it the second day after its execution, without a demand. This shows that it was due. In this case the assignment was made three weeks after the execution of the bond. If it was not due then, how much longer could it stand over? four, five or six weeks, or six months?

In short; no time could be fixed on, and there is no authority to support the distinction contended for.

No error.

PER CURIAM.                                    Judgment affirmed.